PETER D. LEPISCOPO, ESQ.  C.S.B. #139583
  *Counsel of Record*
BILL MORROW, ESQ.  C.S.B. #140772
LEPISCOPO & MORROW, LLP
2635 Camino del Rio South, Suite 109
San Diego, California 92108
Telephone:  (619) 299-5343
 Facsimile:  (619) 299-4767

*Lead* Attorneys for  Plaintiff, GUATAY CHRISTIAN FELLOWSHIP

JAMES M. GRIFFITHS, ESQ.   C.S.B. # 228467
THE WESTERN CENTER FOR LAW & POLICY
300 West Grand Avenue, Suite 200
Escondido, California 92025
Telephone: (760) 747-4549; Facsimile: (760) 747-4505

Attorneys for  Plaintiff, GUATAY CHRISTIAN FELLOWSHIP

FILED
2008 AUG -4  AM 9: 23
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 1406 JM CAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUATAY CHRISTIAN FELLOWSHIP,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN DIEGO,<br><br>  Defendant. | Case No. _____<br><br>COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS AND THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT [42 U.S.C. 1983; 42 U.S.C. 2000cc *et seq.*]<br><br>[Demand for Jury Trial]<br><br>COURTROOM: _____<br>          JUDGE: HON. _____<br>TRIAL DATE:  none set |

### INTRODUCTION

1. This action is brought to enforce the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA'), 42 U.S.C. § 2000cc, and for violation of constitutional rights under 42 U.S.C. § 1983.  The Plaintiff seeks equitable relief, declaratory relief, and damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, and 1343(3)(4) and 42 U.S.C. § 2000cc, *et seq.*, which confer original jurisdiction on federal district courts in suits to reduce the deprivation of rights, privileges, and immunities secured by the United States Constitution and federal law, particularly the First Amendment to the United States Constitution, and specifically the Religious Land Use and Institutionalized Persons Act of 2000.

3. This action is authorized in part by 42 U.S.C. § 1983 because the Defendant is a state actor, which has abridged the constitutional rights of the Plaintiff.

4. The Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and FRCP 57, and includes a request for a speedy decision and an advance on this Court's calendar under 28 U.S.C. 2201 and FRCP 57.

5. Venue is proper under 28 U.S.C. § 1391(b), because the acts giving rise to the claims alleged herein have occurred, and continue to occur, in the Southern District of California.

## PARTIES

6. Plaintiff, **GUATAY CHRISTIAN FELLOWSHIP** (hereinafter called "the CHURCH"), was, and is, "a religious assembly or institution" for the purposes of RLUIPA (42 U.S.C. § 2200cc et seq.). The CHURCH is a not-for-profit corporation, which is organized and existing under the laws of the State of California and which enjoys I.R.C. §501(c)(3) status.

7. Defendant, COUNTY OF SAN DIEGO (hereinafter "the COUNTY"), was and now is a government entity for the purposes of RLUIPA (42 U.S.C. § 2200 *et. seq.*) and a governmental entity, created under the authority of, organized and existing under, the laws of the

State of California, and situated in the County of San Diego, and is empowered to act through its governing body, its officials, employees and official bodies. Plaintiff is informed and believes and thereon alleges that the COUNTY is a recipient of federal funds. At all times described herein, the COUNTY acted in a manner ultra-vires to the law and under color of state law, giving rise to the claims of the CHURCH, as more fully set forth herein.

8. The CHURCH is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The CHURCH is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some way responsible for or participated in or contributed to the matters and things complained of herein, and is legally responsible in some manner therefore. The CHURCH will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

## STATEMENT OF FACTS

9. The COUNTY, including but not limited to the Board of Supervisors, the Department of Planning and Land Use, and the Department of Health Service, has the authority to regulate and restrict the use of land and structures within its borders.

10. The CHURCH was founded in February of 1986 by Pastor Stan and Brenda Peterson. The CHURCH held religious assemblies and services in their home.

11. Since its inception, the CHURCH'S membership has fluctuated between 50 to 100 members.

12. The CHURCH'S members have sincerely held beliefs that Jesus Christ commands them to, among other things, proclaim the Gospel, make disciples, and aid the poor. They practice their beliefs by providing a place for religious assembly, opportunities for worship,

religious instruction, and activities for people of all ages. They also perform charitable services for the underprivileged.

13. After its establishment in the home of Pastor Stan and Brenda Peterson, the CHURCH quickly grew and needed to move to a new location in order to accommodate its membership and religious services.

14. The CHURCH selected an excellent facility for its new location—the Recreation Center of the Pine Valley Trailer Park (the "Park"), located at 27521 Old Highway 80, Guatay, California 91931. The CHURCH rents the Recreation Center from Park.

15. On October 5, 1986, the CHURCH held its first service in its present location—the Recreation Center.

16. On or before November of 1988 the COUNTY recognized the CHURCH and authorized the CHURCH'S use of the Recreation Center as a place of religious worship for a 200 member church, and assigned a real property tax-payer identification number (741-2037500) and Assessor's Parcel Number (APN #408-200-17-00).

17. Throughout the years the growth of the CHURCH required that it acquire use of additional buildings at the Park. The buildings that comprise the CHURCH'S complex include: (a) the Main Sanctuary (i.e., the Recreation Center), (b) the Main Office Building, and (c) the Children's Classroom Building (hereinafter the Main Sanctuary, the Main Office Building, and the Children's Classroom Building shall be referred to collectively as the "CHURCH'S Complex").

18. Throughout the years the CHURCH paid for and maintained the CHURCH'S Complex and paid for and made improvements to the Park's property and the buildings in the CHURCH'S Complex, which include but are not limited to the following: (a) replaced the roofs

on all 3 buildings in the CHURCH Complex; (b) installed and maintained air conditioning and heating units; (c) installed dry-wall in buildings; (d) installed lighting systems; (e) painted interiors and exteriors of buildings; (f) paved area surrounding CHURCH Complex; (g) installed sound-proofing; (h) installed sound system; (i) installed new carpet and flooring; (j) enlarged existing bathroom; (k) installed new electrical system; (l) replaced doors (fire doors to meet code regulations); (m) updated kitchen (i.e., installed new cabinets and closets); (n) installed new water heater; (o) installed alarm system in all buildings; (p) erected a brick wall; (q) repaired bathroom (behind office); (r) poured cement for a basketball court; (s) installed cement behind the Main Sanctuary for use by Children's Ministry and children living in the Park; and (t) installed new chairs for Sanctuary.

19. Prior to the CHURCH'S use of the Recreation Center as a place of religious assembly and worship, the Recreation Center was a restaurant, a grocery store, and a U.S. Post Office.

20. In addition to religious assemblies and worship services, the CHURCH Complex has been utilized for **non**-religious assemblies and purposes. For example, the CHURCH has provided the Community with the following accommodations, services, and programs: (a) assistance after the 2003 Cedar Fire: staging area for all of the help needed in the emergency situation (e.g., FEMA, Salvation Army, Forest Services, Various Fire Departments, etc.); (b) Voting/Polling Stations; (c) Alcoholics Anonymous; (d) Boy Scouts; (e) funerals; (f) Government Food Distribution Program; (g) Mountain Health Services; (h) Senior Lunch Program; (i) Town Meetings; (j) 4-H Clubs; (k) local Water Department Meetings; (l) Weddings; (m) Missions Outreach–ongoing help for school in Tanzania and ministries in Mexico; (n) Adopt-a-Highway Program; (o) host East County Ministers-Christmas

Party (several times throughout the years); (p) Hallelujah Night - (alternative Halloween night); (q) Harvest Festival for the community; (r) fundraiser for Pro-Life Organizations; (s) Youth - 30 hour fast—Pro-life event; (t) Parents Loss Program; and (u) Alcoholics Anonymous—Freedom Ranch.

21. After almost 25-years of uninterrupted and uneventful activity, on May 16, 2008, the CHURCH learned from the Park's legal counsel that the COUNTY had ordered that the CHURCH cease and desist from engaging in any further religious assemblies or religious worship at the CHURCH Complex. The COUNTY contended that religious assemblies, religious worship, and religious institutions were not permitted by the COUNTY'S land use ordinances.

22. The Park did not agree with the COUNTY'S assertions and the Park wanted the CHURCH'S religious activities in the CHURCH Complex to continue. The Park believed that the CHURCH'S activities in the CHURCH Complex and the Community were not only legally permissible but also of great worth and benefit to the Guatay Community.

23. On May 23, 2008, the Park's owner and manager, John O'Flynn, sent a letter to all residents of the Park informing them of the COUNTY'S actions and requesting them to provide statements of support, which they did.

24. On May 30, 2008, the COUNTY sent a letter to the CHURCH (addressed to Reverend Peterson), which stated, in part, that: *"The building [the CHURCH is] in is currently approved for sale of beer and wine and to allow live music and entertainment."* The letter also states that the continued operation of the CHURCH as a place of *"religious assembly"* is *"illegal."* Finally, the letter closed by threatening legal action against the CHURCH.

25. After receiving the May 30, 2008, Reverend Peterson and the CHURCH feared being prosecuted and sued by the COUNTY, and, therefore, ceased engaging in religious assembly and religious worship. Since the COUNTY'S threat of legal action, the CHURCH has ceased all religious assembly and religious worship activities. Shortly after receiving the COUNTY'S May 30, 2008, letter, Reverend Peterson spoke with Deputy County Counsel, who confirmed the contents of his May 30, 2008, letter and also informed Reverend Peterson that had the CHURCH not ceased engaging in religious assembly and religious worship in the CHURCH Complex he "*would have contacted San Diego Gas & Electric and instructed them to cut all electrical power to* [the CHURCH Complex]." The COUNTY would have taken such action without any hearing, court proceedings, court orders, or other due process.

26. The CHURCH seeks the assistance of this Court in order to secure and redress the egregious violations of its Constitutional Rights by the COUNTY.

### FIRST CAUSE OF ACTION:
### Violation of Religious Land Use and Institutionalized Persons Act of 2000 -- "*Substantial Burden on Religious Exercise*"
### (42 U.S.C. § 2000cc (a), *et seq.*)

27. The CHURCH hereby incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. As set forth in greater detail above, after the CHURCH had operated lawfully for almost 25-years with the COUNTY'S knowledge and approval, the COUNTY has shut-down the CHURCH and the CHURCH'S religious assemblies and religious worship services at the CHURCH Complex on the pain of legal action. Accordingly, the COUNTY'S unlawful and unconstitutional application of its purported land use ordinances imposed not just a substantial burden on but a complete ban of the CHURCH and its members' religious exercise.

29. The COUNTY'S actions constitute violations of 42 U.S.C. § 2000cc (a), et seq., because the CHURCH has been, and is, significantly limited in its ability to fully exercise its beliefs in the commands of Jesus Christ to proclaim and propagate the Gospel, make disciples, and assist the poor.

30. Furthermore, the COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for religious assembly and religious worship after almost 25-years of uninterrupted and lawful use is not in furtherance of a narrowly tailored compelling governmental interest.

31. Unless the COUNTY is enjoined and restrained by the Court from denying the CHURCH'S use of the CHURCH Complex for religious assembly and religious worship, as well as for all the other activities alleged hereinabove, the CHURCH will continue to be substantially burdened in its religious exercise through the imposition of a land use regulation. The CHURCH has also suffered, and continues to suffer, monetary damages as a result of the COUNTY'S unlawful actions.

32. Wherefore, the CHURCH seeks any and all "appropriate relief" as per 42 U.S.C. 2000cc-2(a) and as otherwise provided by law against the COUNTY as hereinafter set forth in the Prayer.

### SECOND CAUSE OF ACTION:
### Violation of Religious Land Use and Institutionalized Persons Act of 2000 -- "Treatment of Religious Assembly on Less Than Equal Terms with a Nonreligious Assembly"
### (42 U.S.C. § 2000cc(b)(1), et seq.)
### (All Defendants)

33. The CHURCH hereby incorporates paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. The COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for the purpose of religious assembly and religious worship treats the CHURCH on a less than equal basis with a nonreligious assembly in violation of RLUIPA of 2000, 42 U.S.C. § 2000cc(b)(1), et seq., because the COUNTY has already stated that assembly use in the commercial context (e.g., bar and entertainment) is approved but the CHURCH'S activities are illegal. Consequently, the COUNTY has taken sides based on viewpoint—bar assembly is permitted but religious assembly is not; entertainment in a bar is permitted but religious worship is not.

35. Unless the COUNTY is enjoined and restrained by the Court from denying the CHURCH'S use of the CHURCH Complex for religious assembly and religious worship, the CHURCH'S right to be treated on equal terms with a nonreligious assembly will continue to be infringed in violation of RLUIPA of 2000, 42 U.S.C. 2000cc(b)(1). The CHURCH has also suffered, and continues to suffer, monetary damages as a result of the COUNTY'S unlawful actions.

36. Wherefore, the CHURCH seeks any and all "appropriate relief" as per 42 U.S.C. 2000cc-2(a) and as otherwise provided by law against the COUNTY as hereinafter set forth in the Prayer.

### THIRD CAUSE OF ACTION:

### Violation of Religious Land Use and Institutionalized Persons Act of 2000 -- "Total Exclusion from Jurisdiction or Unreasonable Limits on Religious Assemblies within Jurisdiction" (42 U.S.C. 2000cc(b)(3))

37. The CHURCH hereby incorporates paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. The COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for the purpose of religious assembly and religious worship is a violation of the RLUIPA of 2000 (42

U.S.C. § 2000cc(b)(3)) prohibition against land use regulations that totally exclude religious assemblies from a jurisdiction, or unreasonably limit them within a jurisdiction. The COUNTY'S actions are exacerbated by the fact that the CHURCH has been engaging in religious assembly and religious worship at the CHURCH Complex for almost 25-years without incident and with the COUNTY'S acknowledgement and approval.

39. Unless the COUNTY is enjoined and restrained by the Court from denying the CHURCH'S use of the CHURCH Complex for religious assembly and religious worship, the CHURCH'S right to be treated on equal terms with a nonreligious assembly will continue to be infringed in violation of RLUIPA of 2000, 42 U.S.C. 2000cc(b)(1). The CHURCH has also suffered, and continues to suffer, monetary damages as a result of the COUNTY'S unlawful actions.

40. Wherefore, the CHURCH seeks any and all "appropriate relief" as per 42 U.S.C. 2000cc-2(a) and as otherwise provided by law against the COUNTY as hereinafter set forth in the Prayer.

### FOURTH CAUSE OF ACTION:

**Deprivation of Rights under United States Constitution:
Free Exercise of Religion: First and Fourteenth Amendments
(42 U.S.C. § 1983)**

41. The CHURCH hereby incorporates paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. As a consequence of the COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for the purpose of religious assembly and religious worship, the COUNTY has deprived, and continues to deprive, the CHURCH of its right to the free exercise of religion, as secured by the First Amendment to the United States Constitution and made applicable to the

States by the Fourteenth Amendment. The COUNTY has discriminated against the CHURCH by substantially burdening its ability to freely exercise its religious faith through the COUNTY'S unlawful and unconstitutional enforcement of its land use ordinances. Both on its face and as applied, the burden is not neutral or of general application and is not narrowly tailored. The COUNTY, through its employees and agents, acted in a manner ultra-vires to the law and under color of state law. Furthermore, the COUNTY acted intentionally and knew, or should have known, that its actions violated the CHURCH'S and its members' rights secured under the First and Fourteenth Amendments and federal law.

43. Wherefore, the CHURCH seeks relief against the COUNTY as hereinafter set forth in the Prayer.

### FIFTH CAUSE OF ACTION:
### Deprivation of Rights under United States Constitution:
### Freedom of Speech: First and Fourteenth Amendments
### (42 U.S.C. § 1983)

44. The CHURCH hereby incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. As a consequence of the COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for the purpose of religious assembly and religious worship, the COUNTY, acting through its agents and employees, has deprived, and continues to deprive, the CHURCH of its right to free speech, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment. The COUNTY has discriminated against the Church by restricting its speech rights and the congregants' corresponding right to hear. The COUNTY'S prohibition of permitting the CHURCH to utilize the CHURCH Complex deprives the CHURCH'S membership from exercising their speech rights. If the COUNTY had permitted the CHURCH to use the CHURCH Complex, the

CHURCH and its congregants would have been exercising their free speech rights, as they had for almost the past 25-years. The COUNTY'S actions were ultra-vires, under color of state law and intentional, and it knew, or should have known, that its actions violated the CHURCH'S and its members' rights secured under the First and Fourteenth Amendments and federal law.

46. Wherefore, the CHURCH seeks relief against the COUNTY as hereinafter set forth in the Prayer.

### SIXTH CAUSE OF ACTION
### Deprivation of Rights under United States Constitution:
### Freedom of Assembly: First and Fourteenth Amendments
### (42 U.S.C. § 1983)

47. The CHURCH hereby incorporates paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. As a consequence of the COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for the purpose of religious assembly and religious worship, the COUNTY, acting through its employees and agents has deprived, and continues to deprive, the CHURCH of its right to freely assemble for the purpose of religious worship and expression, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment. The COUNTY'S actions were ultra-vires, under color of state law and intentional, and it knew, or should have known, that its actions violated rights secured under the First and Fourteenth Amendments and federal law.

49. Wherefore, the CHURCH seeks relief against the COUNTY as hereinafter set forth in the Prayer.

/////

/////

/////

### SEVENTH CAUSE OF ACTION
### Deprivation of Rights under United States Constitution:
### Freedom of Association: First and Fourteenth Amendments
### (42 U.S.C. § 1983)

50. The CHURCH hereby incorporates paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. As a consequence of the COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for the purpose of religious assembly and religious worship, the COUNTY, acting through its employees and agents, has deprived, and continues to deprive, the CHURCH of its right to freely associate for the purpose of religious assembly, worship, and expression, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment. The COUNTY'S actions were ultra-vires, under color of state law and intentional, and it knew, or should have known, that its actions violated the associative rights of the CHURCH and its members secured under the First and Fourteenth Amendments and federal law.

52. Wherefore, the CHURCH seeks relief against the COUNTY as hereinafter set forth in the Prayer.

### EIGHTH CAUSE OF ACTION:
### Deprivation of Rights under United States Constitution:
### Equal Protection: Fourteenth Amendment
### (42 U.S.C. § 1983)

53. The CHURCH hereby incorporates paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54. As a consequence of the COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for the purpose of religious assembly and religious worship, the COUNTY, acting through its employees and agents, has deprived and continues to deprive the CHURCH of

its right to equal protection of the laws, as secured by the Fourteenth Amendment to the United States Constitution, by discriminating against the CHURCH in its application of the laws, regulations, and plans of the State of California and those of the COUNTY, in a manner that was on less than equal terms with nonreligious assemblies. The COUNTY'S actions were ultra-vires, under color of state law and intentionally calculated to deny equal protection under the law, and it knew, or should have known, that its actions violated rights secured under the First and Fourteenth Amendments and federal law.

55. Wherefore, the CHURCH seeks relief against the COUNTY as hereinafter set forth in the Prayer.

### NINTH CAUSE OF ACTION:
### Deprivation of Rights under United States Constitution:
### Due Process: Fourteenth Amendment
### (42 U.S.C. § 1983)

56. The CHURCH hereby incorporates paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57. As a consequence of the COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for the purpose of religious assembly and religious worship, the COUNTY, acting through its employees and agents, has deliberately deprived and continues to deprive the CHURCH of due process of law, as secured by the Fourteenth Amendment to the United States Constitution. The COUNTY'S actions were ultra-vires, under color of state law and intentional, and it knew, or should have known, that its actions violated rights secured under the First and Fourteenth Amendments and federal law. Defendant's actions were intentionally calculated to deny the due process rights of the CHURCH.

58. Wherefore, the CHURCH seeks relief against the COUNTY as hereinafter set forth in the Prayer.

## PRAYER FOR RELIEF

**WHEREFORE**, the CHURCH respectfully prays that the Court grant:

1. A preliminary injunction allowing the CHURCH to engage in religious assembly and religious worship, and to exercise its religious, speech, association, and assembly freedoms in the CHURCH Complex during the pendency of this case;

2. An order permanently enjoining the COUNTY from denying the CHURCH use of the CHURCH Complex to engage in religious assembly and religious worship, and to exercise its religious, speech, association, and assembly freedoms in the CHURCH Complex;

3. An order declaring the respective rights and duties of the parties relative to the CHURCH Complex;

4. An order declaring that the COUNTY'S denial of the CHURCH'S use of the CHURCH Complex for religious assembly and religious worship is, <u>as applied</u>, void, invalid, and unconstitutional, in that it violates the Free Exercise, Free Speech, Free Assembly, Free Association, Equal Protection, and Due Process rights under the United States Constitution and the Religious Exercise protections of the Religious Land Use and Institutionalized Persons Act of 2000;

5. Any and all "appropriate relief" pursuant to 42 U.S.C. 2000cc-2(a);

6. Nominal damages;

7. Economic damages;

8. Reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) and other applicable statutes;

9. Costs incurred as a result of the COUNTY'S actions and this lawsuit;

10. In light of the COUNTY'S unreasonable, unlawful, and unconstitutional interference with the CHURCH and its members' constitutional rights as herein alleged, the CHURCH and its members have been irreparably harmed since May 2008. Accordingly, the CHURCH requests monetary damages to compensate for these violations in an amount to be proven at trial, which exceeds $1 million; and

11. Other and further relief as the Court deems just and proper.

Dated: **August 4, 2008.**

LEPISCOPO & MORROW, LLP

By: _____
Peter D. Lepiscopo, Esq.,

Attorneys for Plaintiff, **GUATAY CHRISTIAN FELLOWSHIP**

### REQUEST FOR JURY TRIAL

Plaintiff hereby respectfully requests a jury trial.

Dated: **August 4, 2008.**

LEPISCOPO & MORROW, LLP

By: _____
Peter D. Lepiscopo, Esq.,

Attorneys for Plaintiff, **GUATAY CHRISTIAN FELLOWSHIP**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GUATAY CHRISTIAN FELLOWSHIP

**DEFENDANTS**
COUNTY OF SAN DIEGO

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

PETER D. LEPISCOPO, ESQ. C.S.B. #139583
LEPISCOPO & MORROW, LLP
2635 Camino del Rio South, Suite 109
San Diego, California 92108
Telephone: (619) 299-5343; Facsimile: (619) 299-4767

Attorneys (If Known): 08 CV 1406 JM CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability / ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§ 2000cc et seq.; 42 U.S.C. §§ 1983, 1988; 28 U.S.C. §§ 1331, and 1343(3)
Brief description of cause:
S.D. County's violations of civil rights of church under RLUIPA and Civil Rights Statutes

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 08/04/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 153596   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

JC  8/04/08

```
           UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

           # 153596      - TC

           August 04, 2008
              09:22:01


           Civ Fil Non-Pris
   USAO #.: 08CV1406
   Judge..: JEFFREY T MILLER
   Amount.:                $350.00 CK
   Check#.: BC1341



         Total->   $350.00


   FROM: GUATAY CHRISTIAN FELLOWSHIP
         VS
         CO. OF SAN DIEGO
```