**PETER D. LEPISCOPO, ESQ.  C.S.B.  #139583**
   *Counsel of Record*
**BILL MORROW, ESQ.  C.S.B.  #140772**
LEPISCOPO & MORROW, LLP
2635 Camino del Rio South, Suite 109
San Diego, California 92108
Telephone:  (619) 299-5343
 Facsimile:  (619) 299-4767

*Lead* Attorneys for Plaintiff, **GUATAY CHRISTIAN FELLOWSHIP**

**DEAN R. BROYLES, ESQ. C.S.B. #179535**
**JAMES M. GRIFFITHS, ESQ.   C.S.B. # 228467**
THE WESTERN CENTER FOR LAW & POLICY
539 West Grand Avenue
Escondido, California 92025
Telephone: (760) 747-4549; Facsimile: (760) 747-4505

Attorneys for Plaintiff, **GUATAY CHRISTIAN FELLOWSHIP**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUATAY CHRISTIAN FELLOWSHIP,**<br><br>    Plaintiff,<br><br>    v.<br><br>**COUNTY OF SAN DIEGO**,<br><br>    Defendant. | Case No. **08-CV-01406-JM-CAB**<br><br>**DECLARATION OF PETER D. LEPISCOPO, ESQ. IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>[F.R.Civ.P. Rule 65]<br><br>DATE: **September 25, 2008**<br>TIME: **3:30 p.m.**<br>COURTROOM: **16**<br><br>COURTROOM: **16**<br>JUDGE: **HON. JEFFREY T. MILLER**<br>TRIAL DATE: None set |

   **1.**   I am an attorney duly licensed to practice in the State of California and am a Member of the Bar of this Court. I am over the age of eighteen and have personal knowledge of

---
**DECLARATION OF PETER D. LEPISCOPO, ESQ.  IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**

-1-

1  the herein stated matters, and, if called upon as a witness, could and would testify competently

2  and accurately to the herein stated matters.

3  **2.** On Friday, August 1, 2008, I was retained by the Guatay Christian Fellowship

4  (hereinafter "the CHURCH") to represent them in this matter.

5  **3.** On Monday, August 4, 2008, I filed the Complaint in this matter and caused same

6  to be served on the COUNTY at 12:06 p.m. on that same date.

7  **4.** On August 14, 2008, I provided written notice to the COUNTY, by serving its legal

8  counsel in this matter, Thomas D. Bunton, that the CHURCH would be seeking a temporary

9  restraining order and/or a preliminary injunction. In addition, on August 14, 2008, my attorney

10  service, ABC Legal Services, Inc., served the COUNTY with the application for temporary

11  restraining order and preliminary injunction, along with all supporting evidence and

12  declarations.

13  **5.** In an effort to try to settle this matter without incurring extraordinary attorneys'

14  fees and costs, on August 6, 2008, I served (via facsimile) a letter to the San Diego County

15  Counsel, John J. Sansone, requesting that the COUNTY agree to stipulate to permitting the

16  CHURCH to continue to use the CHURCH Complex as it had for the past 22-years. A true and

17  correct copy of my August 6, 2008 letter (including facsimile verification) to Mr. Sansone is

18  filed as Exhibit 7.

19  **6.** On August 7, 2008, I spoke with the Senior County Counsel who would be

20  handling this litigation for the COUNTY, Thomas D. Bunton. During our conversation we

21  discussed my August 6, 2008, letter to Mr. Sansone. For the first time the COUNTY demanded

22  that it be permitted to conduct an inspection of the CHURCH Complex.

**DECLARATION OF PETER D. LEPISCOPO, ESQ. IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**

-2-

**7.** On August 7, 2008 I also instructed Pastor Peterson to prepare to resume use of the CHURCH Complex on Sunday, August 10, 2008.

**8.** On August 8, 2008, I sent (via facsimile) Mr. Bunton a letter and Stipulation regarding the possibility of permitting the COUNTY to perform an inspection of the CHURCH Complex. As this raised the issue for the first time, I was suspicious that the COUNTY was attempting to change the rules of the game after the filing of the Complaint earlier in the week. Accordingly, I prepared a stipulation that would make any inspection results inadmissible in these proceedings under Rules 402, 403, and 408 of the Federal Rules of Evidence. True and correct copies of my August 8, 2008 letter to Mr. Bunton and the STIPULATION FOR INSPECTION OF CHURCH COMPLEX; EXCLUSION OF INSPECTION RESULTS UNDER FEDERAL RULES OF EVIDENCE 402, 403, AND 408 are filed collectively as Exhibit 8.

**9.** In response to my August 8, 2008, letter I received a letter not from Mr. Bunton, but from the Deputy County Counsel, Eliot J. Alazraki, who ordered the CHURCH to cease all religious assemblies and worship. In his August 8, 2008, letter Mr. Alazraki <u>rejected</u> my proposal to permit the CHURCH to use the CHURCH Complex during the pendency of this litigation and made a whole series of new allegations against the CHURCH relating to building codes that had not been mentioned in any of the COUNTY'S notices, including the 4/16/08 Notice of Violation (Exh. 3). A true and correct copy of Mr. Alazraki's August 8, 2008, letter is filed as Exhibit 9.

**10.** In light of Mr. Alazraki's August 8th letter (Exh. 9), my suspicions proved justified. Accordingly, on August 11, 2008, I sent (via facsimile) a letter and new stipulation to Mr. Bunton, wherein the COUNTY would be permitted to conduct an inspection and the results of

**DECLARATION OF PETER D. LEPISCOPO, ESQ. IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**

-3-

which would be inadmissible in this case and the COUNTY would consent to permit the CHURCH to continue its use of the CHURCH Complex during the pendency of this litigation. In addition, I informed Mr. Bunton that if the COUNTY did not sign the stipulation the CHURCH would seek interim relief from this Court. True and correct copies of my August 11, 2008 letter to Mr. Bunton and the Stipulation are collectively filed as Exhibit 10.

11. On August 11, 2008 Mr. Bunton sent (via e-mail) a red-lined version of the stipulation I had sent him earlier that day. A true and correct copy of the red-lined stipulation is filed as Exhibit 11.

12. On August 11, 2008, in response to Mr. Bunton's red-lined stipulation I sent (via facsimile and e-mail) him a letter indicating that his red-lined version of the stipulation (Exh. 11) was not acceptable and informed him that the COUNTY was not authorized to conduct an inspection of the CHURCH Complex or enter the Park. I also served (via facsimile) the enforcement counsel, Mr. Alazraki, with a copy of the letter. True and correct copies of my August 11, 2008 letter to Mr. Bunton and the fax letter to Mr. Alazraki are collectively filed as Exhibit 12.

13. On August 11, 2008, the enforcement counsel, Mr. Alazraki, sent (via e-mail) a letter threatening that if the CHURCH would not go forward with the inspection on Tuesday, August 12th, then he would obtain warrants to enter the Park and CHURCH Complex. A true and correct copy of Mr. Alazraki's August 11, 2008, e-mail is filed as Exhibit 13.

14. On August 11, 2008, in an effort to do indirectly what the COUNTY could not do directly, Mr. Alazraki sent the Park's legal counsel, Charles LePla an e-mail threatening to obtain a warrant to enter the Park and CHURCH Complex. In response, Mr. LePla sent Mr. Alazraki an e-mail informing him that the COUNTY did not have probable cause to enter the

---

**DECLARATION OF PETER D. LEPISCOPO, ESQ. IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**

-4-

Park or CHURCH Complex. True and correct copies of Messrs. Alazraki and LePla's e-mails are collectively filed as Exhibit 14.

15. Finally, just before filing this application on August 12, 2008, I received a letter from Mr. Alazraki inquiring as to whether I would accept service of the "inspection warrant or whether you would prefer that we serve your client." A true and correct copy of Mr. Alazraki's August 12, 2008, letter is filed as Exhibit 15.

16. On August 14, 2008, I attended the inspection of the CHURCH conducted by the COUNTY. A true and correct copy of the 24-Hour Notice of Execution of Inspection Warrant is filed as Exhibit 37. The COUNTY arrived at the CHURCH to perform the inspection of the CHURCH property.  Present at the inspection were three Sheriff's deputies, four COUNTY inspectors, a locksmith, and Deputy County Counsel, Eliot Alazraki. The inspectors spent approximately one hour inspecting the CHURCH building used by the CHURCH for religious assembly and religious worship.

17. The inspectors spent approximately one hour inspecting the building used by the CHURCH for religious assembly and religious worship.

18. During the inspection of the CHURCH property, I spoke with Deputy County Counsel Alazraki and requested that the CHURCH'S expert, Mr. William Howse, be allowed to accompany the inspectors during the inspection in order to take notes of the violations and to ensure that repairs could be performed quickly, efficiently, and to the Inspector's satisfaction. Deputy County Counsel Eliot Alazraki refused, and told me that in order for the CHURCH to take steps to cure whatever code violations were discovered, they would have to apply for a permit to perform the repairs.  Mr. Alazraki further indicated that the COUNTY would not issue

**DECLARATION OF PETER D. LEPISCOPO, ESQ.  IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**

-5-

permits to allow repairs of the code violations unless and until the CHURCH resolved the original land-use issues which gave rise to the instant lawsuit.

I declare under the penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this **29th** day of **August**, 200**8**, at San Diego, California.


        **/s/ Peter D. Lepiscopo**
        **PETER D. LEPISCOPO, ESQ.**

---

**DECLARATION OF PETER D. LEPISCOPO, ESQ. IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**

CASE NAME: *GUATAY CHRISTIAN FELLOWSHIP v. COUNTY OF SAN DIEGO*

CASE NO.: **08-CV-01406-JM-CAB**

## CERTIFICATE OF PERSONAL SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO:

I am over the age of eighteen years, and not party to this action. My business address is **2635 Camino del Rio South, Suite 109, San Diego, California 92108**.

I, the undersigned, declare under the penalty of perjury that I served the below name person(s) the following documents:

1. **DECLARATION OF PETER D. LEPISCOPO, ESQ. IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**

in the following manner:

By **personal** service by delivery to **ABC ATTORNEY SERVICES, INC.** for personal service on **August 29, 2008** to the following person(s):

| | |
|---|---|
| **THOMAS D. BUNTON, ESQ.** | **Attorneys for County of San Diego** |
| SENIOR DEPUTY COUNTY COUNSEL | |
| County of San Diego | |
| County Administration Center | |
| 1600 Pacific Highway, Room 355 | |
| San Diego, California 92101-2469 | |

I certify and declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this **29TH** day of **August, 2008**.

          **/s/ Peter D. Lepiscopo**
          Peter D. Lepiscopo, Esq.

---

**DECLARATION OF PETER D. LEPISCOPO, ESQ. IN SUPPORT OF GUATAY CHRISTIAN FELLOWSHIP'S MOTION FOR PRELIMINARY INJUNCTION**

-7-