UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUATAY CHRISTIAN FELLOWSHIP,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>Defendant. | Civil No.   08cv1406-JM (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF CHERIE CHAM**<br>**[Doc. No. 56]** |

Before the Court is plaintiff Guatay Christian Fellowship's ("Guatay") Motion to Compel the Deposition of Cherie Cham. [Doc. No. 56.] Defendant County of San Diego ("County") filed an opposition. [Doc. No. 61.]  The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

On May 28, 2009, Guatay served a notice on the County for the deposition of County Code Enforcement Officer Cherie Cham for June 9, 2009.  The notice includes a demand for the production of documents.  The County objected and refused to produce Officer Cham contending she has no personal knowledge relevant to the claims and defenses of this litigation.

As an initial matter, the notice for Officer Cham's deposition is improper.  Although the 12 days notice given for the deposition of Officer Cham may be reasonable notice for a deposition under Fed.R.Civ.P. 30(b)(1), when the notice joins a request for the production of documents, as this notice does, the procedures for Fed.R.Civ.P. 34 apply and a minimum of 30 days' notice is required.  The plaintiff cannot avoid the requirements of Rule 34 by incorporating the document request into a

deposition notice.  Further, the Scheduling Order in this case [Doc. No. 41] set the close of discovery for June 15, 2009, so the last day to timely serve a document request was May 15, 2009.  Guatay could not serve this document request without leave of Court, which it did not seek prior to incorporating it in the deposition notice.  The notice is defective on its face and therefore the deposition as noticed cannot be compelled.

Further, the County objects to the deposition of Officer Cham on the basis that she has no knowledge relevant to this litigation.  It is undisputed that Officer Cham had no participation in the issuance of the Notice of Violation against plaintiff that is at-issue in this case.  Guatay has not represented that she was involved in that process in any manner. Guatay seeks her deposition because she was recently involved in the issuance of an Administrative Citation Warning against an unrelated home bible study group.  The warning was rescinded by the County with an apology that included the statement that the "Code Enforcement Officer [Cham] incorrectly made the finding in no small measure on unclear language in the zoning ordinance." [Doc. No. 56 at 5.]

Guatay argues it is entitled to discovery into Officer Cham's understanding of the ordinance and training she received regarding the interpretation and application of the ordinance and the issuance of cease and desist orders to religious assemblies because the circumstances involving the citation to this third party demonstrate that the ordinance is unconstitutionally vague and ambiguous. [Id.] The County argues that since Officer Cham had nothing to do with the Notice of Violation issued to plaintiff, her understanding and training is irrelevant to the claims and defenses of this case.  She has no personal knowledge of the circumstances regarding plaintiff's complaint.  Further, there is no argument raised in plaintiff's complaint that the County's ordinance requiring a Major Use permit for religious assemblies is unconstitutionally vague and ambiguous or that the plaintiff was not a religious assembly as defined by the Ordinance.  The County's objection is sustained.

Plaintiff's Motion to Compel the Deposition of Cheri Cham is **DENIED**.

DATED: July 10, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge