UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUATAY CHRISTIAN FELLOWSHIP,<br><br>  Plaintiff,<br><br>     v.<br><br>COUNTY OF SAN DIEGO,<br><br>  Defendant | Civil No.   08cv1406-JM (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THE DEPOSITIONS OF EKARD AND WALLAR**<br>**[Doc. No. 59]** |

Before the Court is plaintiff Guatay Christian Fellowship's ("Guatay") Motion to Compel the Depositions Walter F. Ekard and Chandra L. Wallar. [Doc. No. 59.] Defendant County of San Diego ("County") filed an opposition. [Doc. No. 62.] The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

On June 1, 2009, Guatay served notices on the County for the depositions of Ekard and Wallar for June 15, 2009. Each notice includes a demand for the production of documents. The County objected and refused to produce Ekard and Wallar contending they have no personal knowledge relevant to the claims and defenses of this litigation.

As an initial matter, the notices for the depositions of Ekard and Wallar are improper. Although the 14 days notice given for the depositions of these individuals may be reasonable notice for a deposition under Fed.R.Civ.P. 30(b)(1), when the notice joins a request for the production of documents,

as these notices do, the procedures for Fed.R.Civ.P. 34 apply and a minimum of 30 days' notice is required. The plaintiff cannot avoid the requirements of Rule 34 by incorporating a document request into a deposition notice. Further, the Scheduling Order in this case [Doc. No. 41] set the close of discovery for June 15, 2009, so the last day to timely serve document requests was May 15, 2009. Guatay could not serve these document requests without leave of Court, which it did not seek prior to incorporating the requests into the deposition notices.[1] The notices are defective and therefore the depositions as noticed cannot be compelled.

Further, the County objects to the depositions of these individuals on the basis that they have no knowledge relevant to this litigation. It is undisputed that these individuals had no participation in the issuance of the Notice of Violation against plaintiff that is at-issue in this case. Guatay has not represented that Ekard or Wallar were involved in that process in any manner. Guatay seeks their depositions because of their recent involvement in the issuance of an Administrative Citation Warning against an unrelated home bible study group. The warning was rescinded by Ekard with an apology that included the statement that the "Code Enforcement Officer incorrectly made the finding in no small measure on unclear language in the zoning ordinance." [Doc. No. 59 at 4.] Wallar was quoted regarding the incident stating that there may be a need to clarify when a religious gathering becomes an assembly under the code. [Id.]

Guatay argues it is entitled to the depositions of these individuals regarding the interpretation and application of the ordinance and the issuance of cease and desist orders to religious assemblies because the circumstances involving the citation to this third party demonstrate that the ordinance is unconstitutionally vague and ambiguous. [Id. at 5.] The County argues that since these individuals had nothing to do with the Notice of Violation issued to plaintiff, they have no information relevant to the claims and defenses of this case. They have no personal knowledge of the circumstances regarding plaintiff's complaint. Further, there is no argument raised in plaintiff's complaint that the County's ordinance requiring a Major Use permit for religious assemblies is unconstitutionally vague and

---

[1]The requests, in part, seek documents from 2008, so there is no excuse that these requests could not have been served timely.

ambiguous or that the plaintiff was not a religious assembly as defined by the Ordinance. The County's objection is sustained.[2]

Plaintiff's Motion to Compel the Depositions of Walter Ekard and Chandra Wallar is **DENIED.**

DATED: July 10, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[2] Since the motion is denied on procedural grounds as well as the defendant's relevance objection, the Court does not reach defendant's argument that these individuals should be excused from deposition because they are "high-ranking government officials." [Doc. No. 62 at 9-10.]